HARRIS LAW PRACTICE LLC
STEPHEN R. HARRIS, ESQ. NVB 1463
Email: steve@harrislawreno.com
NORMA GUARIGLIA, ESQ. NVB 16244
Email: norma@harrislawreno.com
850 E. Patriot Blvd., Suite F
Reno, NV 89511
Telephone: (775) 786-7600
Proposed Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

IN RE:

KOINONIA CONSTRUCTION INC
dba IMPACT ROOFING,

    Debtor.

_____/

Case No.: 26-50335-hlb
(Chapter 11)

**OMNIBUS MOTION FOR ORDER AUTHORIZING: (1) EMPLOYMENT OF REAL PROPERTY SALES BROKER UNDER 11 U.S.C. § 327(a); (2) SALE OF IMPROVED REAL PROPERTIES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES [2503 N. 5TH STREET, 2505 N. 5TH STREET, 2413 N. 5TH STREET, AND 2421 N. 5TH STREET, ELKO, NEVADA 89801]; AND (3) PAYMENT OF TRUST DEEDS, SALES COMMISSIONS AND CLOSING COSTS**

Hearing Date:  N/A
Hearing Time: N/A
Est. Time:    20 minutes
Set by:    OST requested

    KOINONIA CONSTRUCTION INC dba IMPACT ROOFING ("**Debtor**"), Debtor and Debtor-In-Possession herein, through its proposed attorneys, STEPHEN R. HARRIS, ESQ. and NORMA GUARIGLIA, ESQ., of HARRIS LAW PRACTICE LLC, hereby moves this Court for the entry of an order authorizing: (1) the employment of a real property sales broker; (2) the sale

of the Debtor's four (4) improved real properties free and clear of liens, claims, and encumbrances, pursuant to 11 U.S.C. §§ 363(b), (f) and (m), and Fed. R. Bankr. P. 6004(h); and (3) payment of recorded trust deeds, customary closing costs and real estate commissions ("**Motion**"). This Motion is based on the papers and pleadings on file in this Chapter 11 case, the following points and authorities, the supporting Declaration of Luke Fitzgerald ("**Fitzgerald Declaration**"), and the oral argument of counsel at any hearing on this matter.

## RELIEF REQUESTED

1.        The Debtor is in the business of developing, constructing and selling residential homes in Elko, Nevada.  The Debtor currently has nine (9) residential homes under construction, including but not limited to four (4) residential homes that are completed and ready to sell in the next ten (10) days, and four (4) residential homes that are completed, or nearly completed, that are ready to sell in the next twenty (20) to thirty (30) days.  With respect to the four (4) residential homes that the Debtor has completed and needs to close escrow immediately, the Debtor has received certain purchase offers to acquire and sell these four (4) residential homes, and is in need to close same within the next ten (10) days.  The following described four (4) real property transactions require the United States Bankruptcy Court approval:

a)    The Debtor has made the decision to sell its improved real property located at 2503 N. 5th Street, Elko, Nevada 89801, APN# 001-61M-019 ("Property #1"), for the purchase price of Three Hundred Forty-Five Thousand Dollars ($345,000.00), pursuant to a Residential Purchase Agreement with Counter Offer No. 1 ("Agreement #1"), to Buyers Travis C. Yates and Tricia L. Penna ("Buyer #1");

b)    The Debtor has made the decision to sell its improved real property located at 2505 N. 5th Street, Elko, Nevada 89801, APN# 001-61M-022 ("Property #2"), for the purchase price of Three Hundred Forty-Five Thousand Dollars ($345,000.00), pursuant to a Residential Purchase Agreement and Joint Escrow Instructions ("Agreement #2"), to Buyers Kevin Toe and Orianne Toe ("Buyer #2");

c)    The Debtor has made the decision to sell its improved real property located at 2413 N. 5th Street, Elko, Nevada 89801, APN# 001-61M-003 ("Property #3"), for the purchase

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

2

price of Three Hundred Fifty Thousand Dollars ($350,000.00), pursuant to a Residential Purchase Agreement ("Agreement #3"), to Buyer Edgear Juarez ("Buyer #3"); and

d) The Debtor has made the decision to sell its improved real property located at 2421 N. 5th Street, Elko, Nevada 89801, APN# 001-61M-005 ("Property #4"), for the purchase price of Three Hundred Fifty Thousand Dollars ($350,000.00), pursuant to a Residential Purchase Agreement ("Agreement #4"), to Buyer Chukwunwike Odibi and Ogabe Annabel Odibi ("Buyer #4").

2.    As a result of prepetition negotiations between the Debtor and the four (4) buyers referred above, the following has been agreed to with respect to each of the four (4) sales that the Debtor is requesting a Court order approving same:

a) With respect to the proposed sale of 2503 N. 5th Street, Elko, Nevada 89801 ("Property #1"), the Debtor has entered into Agreement #1, attached hereto as **Exhibit "A,"** with Buyer #1, for a purchase price of Three Hundred Forty-Five Thousand Dollars ($345,000.00), with closing to occur on or before April 15, 2026, or as soon thereafter as practicable. The Debtor has given a credit of Ten Thousand Dollars ($10,000.00), to Buyer as a credit towards closing costs. Additionally, Buyer #1 paid a deposit of Three Thousand Five Hundred Dollars ($3,500.00). The proposed Settlement Sheet prepared by Landmark Title Assurance Agency of Nevada is attached hereto as **Exhibit "B."** The Preliminary Title Report is attached hereto as **Exhibit "C."** Liens that need to be paid approximate Two Hundred Eighty-One Thousand One Hundred Eighty-Four Dollars and Thirty-One Cents ($281,184.31) plus accruing interest and fees, to Sound Capital Passive Income Fund LLC, which Lender has a Deed of Trust recorded against Property #1 that secures an indebtedness in the principal amount of Two Hundred Sixty-Two Thousand Five Hundred Dollars ($262,500.00), dated December 20, 2024, and recorded on December 27, 2024, in the Official Records No. 844992 in the County of Elko, State of Nevada. Other liens that require payment at the close of escrow include Three Thousand One Hundred Eighty Dollars and Three

Cents ($3,180.03) for past due taxes owed to Elko County Treasurer, Three Hundred Fifty Dollars ($350.00) for pest inspection to Progressive Pest Management, Three Hundred Fifty Dollars ($350.00) to Air Tight, LLC, Six Thousand One Hundred Eighteen Dollars and Eight Cents ($6,118.08) to Alside Supply Center for release of a Mechanics Lien, Two Thousand Two Hundred Eighty-Three Dollars and Fifty-Five Cents ($2,283.55) to Fast Glass for release of a Mechanics Lien, Three Thousand Two Hundred Nineteen Dollars and Forty Cents ($3,219.40) to Parker Solutions, LLC for release of a Mechanics Lien, Ten Thousand Two Hundred Fifty-Five Dollars and Fifteen Cents ($10,255.15) to Quality Truss and Lumber for release of a Mechanics Lien and Twenty-Four Thousand Seven Hundred Three Dollars and Two Cents ($24,703.02) to Western Nevada Supply for release of a Mechanics Lien.  The Debtor anticipates paying to the escrow holder the sum of Twenty Thousand Two Hundred Six Dollars and Nineteen Cents ($20,206.19) to close escrow for Property #1 which monies shall come out of one of the other escrow closings.

b)  With respect to the proposed sale of 2505 N. 5th Street, Elko, Nevada 89801 ("Property #2"), the Debtor has entered into Agreement #2, attached hereto as **Exhibit "D,"** with Buyer #2, for a purchase price of Three Hundred Forty-Five Thousand Dollars ($345,000.00), with closing to occur on or before April 15, 2026, or as soon thereafter as practicable.  The Debtor has given a credit of Five Thousand Dollars ($5,000.00), to Buyer as a credit towards closing costs, and the Debtor has received a deposit of Three Thousand Five Hundred Dollars ($3,500.00) from Buyer #2.  The proposed Settlement Sheet prepared by American Land Title Association is attached hereto as **Exhibit "E."**  The Preliminary Title Report is attached hereto as **Exhibit "F."**  Liens that need to be paid approximate Two Hundred Seventy-Eight Thousand Two Hundred Ten Dollars and Twenty-Nine Cents ($278, 210.29) plus accruing interest and fees, to Sound Capital Passive Income Fund LLC, which Lender has a Deed of Trust recorded against Property #2 that secures an indebtedness in the principal amount of Two Hundred Sixty-Two Thousand Five Hundred Dollars ($262,500.00)

dated December 20, 2024, recorded on December 27, 2024, in the Official Records No. 844994 in the County of Elko, State of Nevada.  Other liens that require payment at the close of escrow include past due taxes in the amount of Five Hundred Seventy-One Dollars and Seventy-Seven Cents ($571.77) to the Elko County Treasurer, Six Thousand One Hundred Eighteen Dollars and Eight Cents ($6,118.08) to Alside Supply Center for release of a Mechanics Lien, Seven Hundred Eighty-Eight Dollars and Twenty-Two Cents ($788.22) to Fast Glass for release of a Mechanics Lien, Three Thousand Two Hundred Nineteen Dollars and Forty Cents ($3,219.40) to Parker Solutions LLC for release of a Mechanics Lien, Ten Thousand Two Hundred Fifty-Five Dollars and Fifteen Cents ($10,255.15) to Quality Truss and Lumber for release of a Mechanics Lien and Six Thousand Three Hundred Ninety-Three Dollars and Forty-Six Cents ($6,393.46) to Western Nevada Supply for release of a Mechanics Lien.  The Debtor anticipates net proceeds due Debtor after the close of escrow of approximately Ten Thousand Four Hundred Forty-Two Dollars and Seventy-Two Cents ($10,442.72);

c) With respect to the proposed sale of 2413 N. 5th Street, Elko, Nevada 89801 ("Property #3"), the Debtor has entered into Agreement #3, attached hereto as **Exhibit "G,"** with Buyer #3, for a purchase price of Three Hundred Fifty Thousand Dollars ($350,000.00), with closing to occur on or before April 15, 2026, or as soon thereafter as practicable.  The Debtor has given a credit of Ten Thousand Dollars ($10,000.00), to Buyer as a credit towards closing costs.  The Debtor has received a Three Thousand Five Hundred Dollars ($3,500.00), from Buyer #3.  The proposed Settlement Sheet prepared by Landmark Title Assurance Agency of Nevada is attached hereto as **Exhibit "H."**  The Preliminary Title Report is attached hereto as **Exhibit "I."**  Liens that need to be paid approximate Two Hundred Fifty-Two Thousand Two Hundred Fifty-One Dollars and Eight-Five Cents ($252,251.85) plus accruing interest and fees, to Lima One Capital LLC, which Lender has a Deed of Trust recorded against Property #3 that secures an indebtedness in the principal amount of Two Hundred Fifty-Five

Thousand Five Hundred Dollars ($255,500.00) dated May 1, 2024, recorded on May 2, 2024, in the Official Records No. 836032 in the County of Elko, State of Nevada, and thereafter assigned to US Bank Trust National Association.  Other liens that require payment at the close of escrow include Three Hundred Fifty Dollars ($350.00) to Progressive Pest Management.  The Debtor anticipates net proceeds due Debtor after the close of escrow of approximately Sixty Thousand One Hundred Twenty-Nine Dollars and Ninety Cents ($60,129.90); and

d)  With respect to the proposed sale of 2421 N. 5th Street, Elko, Nevada 89801 ("Property #4"), the Debtor has entered into Agreement #4, attached hereto as **Exhibit "J,"** with Buyer #4, for a purchase price of Three Hundred Fifty Thousand Dollars ($350,000.00), with closing to occur on or before April 15, 2026, or as soon thereafter as practicable.  The Debtor has given a credit of Ten Thousand Dollars ($10,000.00), to Buyer as a credit towards closing costs.  The Debtor has received a deposit of Three Thousand Five Hundred Dollars ($3,500.00), from Buyer #4.   The proposed Settlement Sheet prepared by Landmark Title Assurance Agency of Nevada is attached hereto as **Exhibit "K."**  The Preliminary Title Report is attached hereto as **Exhibit "L."**  Liens that need to be paid approximate Two Hundred Fifty Thousand Dollars ($250,000.00) plus accruing interest and fees, to Mortgage Electronic Registrations Systems, acing solely as nominee for Deephaven Mortgage, which Lender has a Deed of Trust recorded against Property #4 that secures an indebtedness in the principal amount of Two Hundred Fifty Thousand Dollars ($250,000.00) dated June 25, 2024, recorded on July 26, 2024, in the Official Records No. 839306 in the County of Elko, State of Nevada.  No lien(s) require payment at the close of escrow. The Debtor anticipates net proceeds due Debtor after the close of escrow of approximately Sixty-Seven Thousand Seven Hundred Twenty-Two Dollars and Thirty-Two Cents ($67,722.32).

3.    Through this Motion, the Debtor seeks authorization to assume the prepetition Agreement #1, Agreement #2, Agreement #3 and Agreement #4, entered into pursuant to 11

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

U.S.C. § 365 as unexpired executory contracts. Debtor also seeks authorization to sell Property #1, Property #2, Property #3 and Property #4, to proposed Buyer #1, Buyer #2, Buyer #3 and Buyer ##4, respectfully, free and clear of liens, claims, and encumbrances, under 11 U.S.C. §§ 363(b) and (f), as well as the payoffs of the underlying first priority Deeds of Trust referenced in paragraphs 2a), 2b), 2c) and 2d), hereinabove, and the Debtor also seeks to sell Property #1, Property #2, Property #3 and Property #4, free and clear of the Notice of Lis Pendens that is recorded against each of Property #1, Property #2, Property #3 and Property #4, by Defendant Lisa Jane Turner, in pending Case No. DC-FM-25-126, in the District Court, Elko County, State of Nevada on May 16, 2025, as Instrument No. 849639, recorded in the Official Records of the County of Elko, State of Nevada.  Each of these Notice of Lis Pendens filed by Lisa Jane Turner were filed in violation of Nevada State law, specifically NRS § 14.010 requires that a lis pendens be maintained and recorded only if the recording party establishes that:

- The action affects the title or possession of the real property described in the notice.
- The action was not brought in bad faith or for an improper motive.
- The party will be able to perform any conditions precedent to the relief sought.
- The party would be injured by any transfer of the property before the action concludes.

NRS § 14.015

Additionally, the recording party must demonstrate either a likelihood of prevailing in the action or a fair chance of success on the merits, coupled with a showing that the injury from a transfer would outweigh the hardship to the opposing party. NRS § 14.015.

Debtor contends that Lisa Jane Turner has violated NRS § 14.010, by maintaining and recording a Notice of Lis Pendens against the Debtor's real properties, and that expungement of the Notice of Lis Pendens is appropriate.  In the context of Luke Fitzgerald and Lisa Jane Turner's divorce proceeding, a spouse may record a lis pendens against real property if the action affects the title or possession of the property. Under NRS § 125.220, a spouse may record a notice of pendency of action in the county where the other spouse owns real property, and such notice has the same effect as a lis pendens in actions directly affecting real property. Nev. Rev. Stat. Ann. § 125.220.

///

While a spouse may have an interest in the corporation as community property, the corporation itself is a separate legal entity. The Nevada Supreme Court has emphasized that a lis pendens is appropriate only in actions involving a legal interest in the real property itself, not merely an indirect or derivative interest through ownership of a corporate entity . *Weddell v. H20, Inc.*, 128 Nev. 94 (2012).  In conclusion, a spouse may record a lis pendens against real property owned by a corporation only if the divorce action directly affects the title or possession of the property. If the spouse's claim is limited to an interest in the corporation as community property, rather than a direct interest in the real property, the lis pendens may be subject to expungement. That is the case here, in that Lisa Jane Turner has a claim limited to an interest in the Debtor, as purported community property, rather than a direct interest in the improved real properties that are proposed to be sold in this Motion.  Lisa Jane Turner must demonstrate that the action satisfies the statutory requirements under NRS § 14.015, including showing that the action affects the title or possession of the property and is not brought in bad faith . If these requirements are not met, the court may order the cancellation of the lis pendens, and Debtor contends that Lisa Jane Turner has not met these requirements.

4.    Debtor also seeks authorization to employ its prepetition real estate broker LPT Realty, Attn:  Jen McDonald, Broker, for these four (4) sale transactions, under 11 U.S.C. § 327(a), and further seeks authorization to pay sales commissions directly from escrow upon closing.  Specifically, Debtor proposes to pay a listing agent commission to LPT Realty of Ten Thousand Three Hundred Fifty Dollars ($10,350.00) and a selling agent commission to LPT Realty of Ten Thousand Three Hundred Fifty Dollars ($10,350.00), in reference to the sale of Property #1; Debtor requests payment of real estate commission to LPT Realty of Ten Thousand Three Hundred Fifty Dollars ($10,350.00) and to Signature Real Estate Group of Ten Thousand Three Hundred Fifty Dollars ($10,350.00) with respect to the sale of Property #2; Debtor requests payment of Ten Thousand Five Hundred Fifty Dollars ($10,500.00) to LPT Realty for a listing agent commission and Ten Thousand Five Hundred Dollars ($10,500.00) to LPT Realty for a selling commission with respect to the sale of Property #3; and Debtor request payment of Ten Thousand Five Hundred Fifty Dollars ($10,500.00) to LPT Realty for a listing agent commission

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

and Ten Thousand Five Hundred Dollars ($10,500.00) to LPT Realty for a selling commission with respect to the sale of Property #4.

5.    The Debtor is also requesting no overbidding for the sales of Property #1, Property #2, Property #3 and Property #4, given the fact that these proposed sales are made in the ordinary course of Debtor's business of developing, constructing and selling residential homes in the City of Elko, State of Nevada, and are market tested over time.

6.    Finally, Debtor seeks findings from this Court that the proposed Buyer #1, Buyer #2, Buyer #3 and Buyer #4, or each of their assignees, is a good faith purchaser entitled to the safe harbor protections of 11 U.S.C. § 363(m) and that the fourteen-day (14) stay imposed by Fed. R. Bankr. P. 6004(h) is waived so that the sales can close as soon as practicable after an order is entered by the Court approving this Motion.

## BACKGROUND

7.    On April 3, 2026, ("**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

8.    No trustee has been appointed and no official committees have been established in this case. Thus, Debtor continues to act as a Debtor-in-Possession.

9.    The Debtor is a construction company in Elko, Nevada, primarily developing, constructing and selling residential homes.  *See Schedules* [ECF No. 1].

10.    On each of the Property #1, Property #2, Property #3 and Property #4, Debtor borrowed monies to construct the residential real property improvements, and those construction loans are mentioned hereinbefore, and Debtor seeks authorization from this Court to pay these loans secured by Deeds of Trust described hereinbefore..

11.    Other than the Lenders' Deed of Trust on each of Property #1, Property #2, Property #3 and Property #4, there are certain statutory liens for unpaid real property taxes that the Debtor is aware of, title company closing costs and fees, Mechanics Liens and purported Mechanics Liens referenced hereinbefore for each of the Property #1, Property #2, Property #3 and Property #4 sales.  A copy of the Preliminary Title Report for Property #1, Property #2,

Property #3 and Property #4 are attached as **Exhibits "C," "F," "I" and "L,"** respectively and incorporated herein by those references.

12.    Prior to the Debtor's chapter 11 filing, the Debtor had entered into certain Listing Agreements with LPT Realty, which Listing Agreements are attached hereto as **Exhibits "M," "N," "O" and "P,"** respectively, for LPT Realty to sell each of the Debtor's real properties mentioned hereinbefore.

13.    The term of the Listing Agreement is through February 6, 2027, for Property #3 and Property #4, and November 25, 2026, for Property #1 and Property #2, and provides for a listing broker's commission of 3% of the gross selling price, unless there is a cooperating broker, in which case, the commission is increased by an additional 3% and customarily paid by the Seller.

## JURISDICTION

14.    The Court has subject matter jurisdiction to consider the relief requested in this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334 (b). As required by LR 7008, Debtor consents to entry by the Court of a final order on this Motion.

15.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and may be determined by the Court.

16.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PURCHASE AND SALE AGREEMENTS

17.    As stated above, the Debtor has entered into Agreement #1, Agreement #2, Agreement #3 and Agreement #4, for the sale of Property #1, Property #2, Property #3 and Property #4, respectively. With respect to the Net Proceeds that the Debtor expects to receive as a result of the four (4) closings, as stated previously the Debtor expects to pay the approximate sum of Twenty Thousand Two Hundred Six Dollars and Nineteen Cents ($20,206.19) to close Property #1, Debtor receives the sum of Ten Thousand Four Hundred Forty-Two Dollars and Seventy-Two Cents ($10,442.72) from the sale of Property #2, Debtor receives the sum of Sixty Thousand One Hundred Twenty-Nine Dollars and Nine Cents ($60,129.09) from the sale of Property #3 and Debtor receives the sum of Sixty-Seven Thousand Seven Hundred Twenty-Two

Dollars and Thirty-Two Cents ($67,722.32) from the sale of Property #4, for net sales proceeds received by Debtor after the close of the four (4) properties of One Hundred Eighteen Thousand Eighty-Eight Dollars and Eighty-Four Cents ($118,088.84).  From this approximate sum of One Hundred Eighteen Thousand Eighty-Eight Dollars and Eighty-Four Cents ($118,088.84), that Debtor anticipates receiving from the sale of the four (4) real properties, the Debtor has earmarked for payment the following:

| | |
|---|---|
| SW Gas | $     510.14 |
| NV Energy | $     638.16 |
| Water & Sewer | $     279.01 |
| Sanitation | $       73.11 |
| Flora Mortgage Unpaid | $  5,496.23 |
| 2489 N 5th House Insurance | $     800.00 |
| General Liability Insurance | $ 11,807.00 |
| Equipment Insurances | $  4,603.13 |
| Kcon Post Petition Invoices | $ 14,784.00 |
| Faulstich C3-1 Ongoing Job | $ 37,472.00 |
| Past Payroll Taxes | $  8,426.85 |
| HOA | $     969.00 |
| Ongoing Jobs Payroll and Bills | $ 36,752.00 |
| EFCU Secured Loan | $   2,058.00 |
| TOTAL: | $118,203.40 |

It is absolutely critical for the closings of Property #1, Property #2, Property #3 and Property #4, that the Notice of Lis Pendens that has been recorded against each of these improved real properties be expunged and that no monies attach to escrow on account of these Notices of Lis Pendens being expunged.  The wife of Debtor's principal Luke Fitzgerald recorded these Lis Pendens in an attempt to garner her monies to be paid out in the parties' divorce action, which is an end-run on her securing some of the Debtor's assets in violation of the absolute priority rule. Debtor has been advised that Buyer #1, Buyer #2, Buyer #3 and Buyer #4 are ready to close

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

11

escrow by April 15, 2026, but given the absolute need for a Court order approving each of the proposed sales, a close by April 27, 2026, has been agreed to.

18.    Debtor believes the sale of each of the Property #1, Property #2, Property #3 and Property #4, is in the best interest of the estate because these sales have been market tested from several years of developing, constructing and selling residential homes in the Elko, Nevada urban area.  Currently, the Debtor believes  in its best business judgment that each of the real properties has been properly market tested and that the offers that the Debtor has accepted are the best and highest offers for each of Property #1, Property #2, Property #3 and Property #4, and on that basis, there should be no overbidding at the hearing that considers Court approval for these sales.

## LEGAL ARGUMENT

### A. The Debtor can assume the Agreement and Listing Agreement under 11 U.S.C. § 365 as executory contracts.

11 U.S.C. § 365(a) permits a debtor, subject to the Court's approval, to assume any unexpired lease or executory contract. If there is any default at the time of the assumption of the contract, the debtor is required as a condition of assumption to cure the default or provide adequate assurance that the debtor will promptly cure any default. 11 U.S.C. § 365(b)(1).

The proper standard for a bankruptcy court to use in determining whether to authorize a debtor in possession or trustee to assume or reject an executory contract or lease is the "business judgment test." The United States Supreme Court originally set forth the business judgment test as the appropriate standard for court approval of the assumption or rejection of executory contracts in *Grp. of Institutional Investors v. Chicago, Milwaukee, St. Paul and Pacific R. Co.*, 318 U.S. 523, 550 (1943).

In more recent decisions, courts have overwhelmingly applied the business judgment test as the standard for reviewing the assumption or rejection of executory contracts and unexpired leases. *See, e.g.*, *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1982) (affirming bankruptcy court's authorization of assumption of lease); *In re Huang*, 23 B.R. 798, 800 (B.A.P. 9th Cir. 1982) (reversing bankruptcy court's refusal to authorize rejection of

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

contract); *In re Grayhill Resources, Inc.*, 63 B.R. 382, 384 (Bankr. D. Colo. 1986) (authorizing assumption of lease); and *Allied Technology, Inc. v. R.B. Brunemann & Sons (In re Allied Technology, Inc.)*, 25 B.R. 484, 495 (Bankr. S.D. Ohio 1982) (authorizing assumption of lease).

In *Allied Technology*, the bankruptcy court explained the significance of the business judgment test in the context of the assumption of a lease:

> Court approval of a debtor in possession's judgment that assumption of a lease is in the best interest of the debtor's business should not be withheld on the basis of second-guessing of the debtor's judgment, unless the matter is presented in the context of 11 U.S.C. § 1104(a)(1) for the determination of the larger question of the competency of the debtor in possession's business judgment. It is not the function of the Court to operate the debtor. . .. As long as the assumption of a lease appears to enhance the debtor's estate, the **Court approval of a debtor in possession's decision to assume a lease should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code, and particularly 11 U.S.C. § 365.**

*Id*. at 495 (emphasis added).

The Debtor previously explained that it exercised its business judgment in deciding to sell Property #1, Property #2, Property #3 and Property #4. *See Fitzgerald Declaration*. Accordingly, Debtor entered into Agreements #1 through #4. The Debtor made the decision to sell the four (4) houses prepetition, the four (4) houses were properly marketed and negotiated at arm's length with the proposed Buyers, and there are no facts suggesting that the Debtor's judgment is clearly erroneous or too speculative. *See id.*

Debtor is not aware of any defaults of the Listing Agreements and the Agreements that require curing. Thus, to the extent those agreements are considered to be executory and require assumption, then Debtor seeks authorization to assume the Listing Agreements and Agreements under 11 U.S.C. § 365(a). Debtor's primary remaining obligation under the Listing Agreements and Agreements are to consummate the proposed sales, which Debtor seeks to do after obtaining this Court's authorization through this Motion. It is thus self-evident that the Debtor can perform under the agreements and can assume the Listing Agreements and Agreements.

///

///

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

**B. Standards for employment of the Broker.**

Next, the Debtor seeks authorization to employ LPT Realty under the Listing Agreements. The Bankruptcy Code provides that the trustee [or debtor-in-possession] may, with the Court's approval, employ one or more professional persons that are disinterested and do not hold an interest adverse to the estate. *See* 11 U.S.C. § 327(a).

Fed. R. Bankr. P. 2014(a) provides that an order approving employment of a professional under Section 327 shall be made only on application by the trustee [or debtor in possession], with a copy transmitted to the United States Trustee. *See* Fed. R. Bankr. P. 2014(a). No other notice and hearing are required. *See id.*

Pursuant to the provisions contained in 11 U.S.C. §§ 327(a), 1107, and 1108, the Debtor hereby applies to the Court to employ LPT Realty as Debtor's exclusive real estate broker as more specifically set forth above and in the Listing Agreement, also attached hereto as **Exhibit "M," "N," "O," "P"** respectively and incorporated herein by those references. LPT Realty is experienced in marketing and sales of similar properties in the Elko, Nevada areas. Debtor had already engaged LPT Realty prepetition, which listing broker performed its obligations under the Listing Agreement, resulting in the proposed sales to Buyers. The appointment of LPT Realty in this Chapter 11 case is thus necessary so that Debtor can pay LPT Realty (and any cooperating agent) the sales commissions that they have earned for these transactions. Employing LPT Realty is in the estate's best interest and would be the most efficient manner of proceeding for the estate because otherwise, the broker(s) may have potential damage claims against the estate if its earned commissions are not paid by the Debtor from the proposed sales.

As previously discussed, the consideration agreed to be paid to LPT Realty under the Listing Agreement is 3% of the gross sales prices. If another broker delivers a buyer(s) to the sale, then typically the Seller, or Debtor in this case, may pay an additional 3% sales commission due at closing. These are standard rates in the industry, and Debtor believes the sales commissions are reasonable and necessary. Finally, this basis of compensation is authorized pursuant to sections 330 and 331of the Bankruptcy Code.

LPT Realty has indicated its willingness to act on the Debtor's behalf and to be

compensated in accordance with the terms and conditions set forth in the Listing Agreement. To the best of Debtor's knowledge, LPT Realty, and its agents represent no interest adverse to the estate and have no connection with the Debtor's creditors, or any other party in interest, or their respective attorneys and accountants, including the United States Trustee, or any person employed in the office of the United States Trustee. As explained previously, LPT Realty acted as Debtor's listing prepetition broker and may have at some point in the past acted as broker or agent for parties in this case in transactions unrelated to this Debtor. None of these connections affect LPT Realty's disinterestedness. The broker of record for LPT Realty is Jen McDonald and most of the sales transactions for the Debtor's real properties are handled by sales associate Jennifer Welch, which sales associate for LPT Realty, lives with Luke Fitzgerald, the Debtor's principal, and further, Jennifer Welch either individually or through an entity she controls, is in contract with the Debtor to buy lots that the Debtor contractually agrees to construct homes thereon.

The Listing Agreement is LPT Realty's standard agreement and was negotiated with the Debtor at arm's length based on customary terms in the industry. Additionally, if LPT Realty represents both the Debtor and any potential buyers, different real estate agents within LPT Realty may represent the Debtor and buyers.

Finally, Debtor requests authorization from this Court to pay LPT Realty and any cooperating broker directly from escrow upon successful closing of the sale of the Property as set forth above and in the Listing Agreement without the necessity of filing a fee application.

**C.  The proposed sale is in the best interest of the estate and should be approved.**

Bankruptcy Code § 363(b)(1) provides that "the trustee [or debtor-in-possession], after notice and hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." This provision generally allows debtors-in-possession, subject to court approval, to sell property of the estate outside of the ordinary course of business when the proposed sale is a sound exercise of debtor's business judgment and when the sale is proposed in good faith and for fair value. *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Ernst Homes Center, Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997); *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14 (B.A.P. 9th Cir. 1988).

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

When a debtor articulates a reasonable basis for its business decisions, "Courts will generally not entertain objections to the debtor's conduct." *Committee of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns- Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D. N.Y. 1986).

Rule 6004(f) of the Federal Rules of Bankruptcy Procedure provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." A trustee [or debtor-in-possession] has broad discretion in determining the manner of sale, including whether to sell property by public or private sale. *In re Canyon Partnership*, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1986); *In re Frezzo*, 217 B.R. 985, 989 (Bankr. M.D. Penn. 1988). Sales of property other than in the ordinary course of business of a debtor are to be approved only after notice and a hearing. 11 U.S.C. §§ 363(a) and (b). A trustee or debtor in possession is entitled to utilize its business judgment in determining the merits of a sale such as the one contemplated in this Motion. The rule is as stated in *Southwestern Media, Inc. v. Rau*, 708 F.2d 419 (9th Cir. 1983):

> The decision concerning the form of sale therefore rested within the business judgment of the trustee. Liability will not be imposed for the exercise of such judgment, absent negligence.

*Id. (*citing *Mosser v. Darrow*, 341 U.S. 267, 272-73 (1952); *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1357. (9th Cir. 1982)).

Here, the decision to sell Property #1, Property #2, Property #3 and Property #4 has substantial business justification. Debtor, his advisors, and real estate broker have evaluated the four (4) houses against the current economic climate and made the strategic decision to sell the four (4) houses.

The Agreements were negotiated at arm's length, in good faith, and Debtor believes the terms are fair and reasonable after customary marketing and exposure to a broad base of potential buyers. *See Fitzgerald Declaration*. Each of the Buyers are not insiders of Debtor and the Debtor does not have any non-disclosed financial interest in the transactions contemplated by the Agreements. Debtor also believes that the prices to be paid by Buyers represent a fair and reasonable consideration for each of the four (4) houses.

Debtor further requests that the Court authorize the sale of the Property #1, Property #2, Property #3 and Property #4 free and clear of all liens, claims, and encumbrances which may be

asserted against the four (4) houses, pursuant to 11 U.S.C. §§ 363(b) and (f), with any disputed liens, claims, and encumbrances, except the Notice of Lis Pendens, to attach to the proceeds of the sales.  The Notice of Lis Pendens should be cancelled by this Court, given that its maintenance is in violation of NRS § 14.010.

The Buyers will only buy the Properties if it is free and clear of liens. Section 363(f) of the Bankruptcy Code provides a mechanism whereby assets of the estate may be sold unencumbered while at the same time protecting the interests of secured creditors. Pursuant to 11 U.S.C. § 363(f), the Debtor may sell property of the estate free and clear of any interest in such property of an entity other than the estate, only if…

> (1) Applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) Such entity consents;
>
> (3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) Such interest is in bona fide dispute; or
>
> (5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).  In the interests of full disclosure, the Debtor's principal Luke Fitzgerald, is a Plaintiff in a divorce action with his wife Lisa Jane Turner, as Defendant, in Case No. DC-FM-25-126, in the Fourth Judicial District Court of the State of Nevada, In and For the County of Elko.  In that divorce proceeding, the Plaintiff and Defendant entered into a Stipulation And Order Following Case Management Conference, filed July 28, 2025, and attached hereto as **Exhibit "Q,"** and incorporated herein by that reference.  This Stipulation And Order Following Case Management Conference followed an Ex Parte Order Preventing Dissipation Of Assets, entered on April 11, 2025, attached hereto as **Exhibit "R,"** and incorporated herein by that reference

In the proposed sales, Debtor anticipates that the Lenders will consent to the sales closing based on full payment on account of their secured first priority deeds of trust.

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

17

In summary, the Court can order a sale of the Property #1, Property #2, Property #3 and Property #4, free and clear of any liens, claims, and encumbrances under 11 U.S.C. § 363(f).

**D.  The Buyer is a good faith purchaser subject to safe harbor provisions.**

The Agreements were negotiated at arm's length, in good faith, and the Debtor believes their terms are fair and reasonable as dictated by current market conditions. There are no known insider connections between the proposed Buyer #1, Buyer #2, Buyer #3 and Buyer #4 and the Debtor.  Accordingly, the proposed Buyer #1, Buyer #2, Buyer #3 and Buyer #4, or their assignees, is each a good faith purchaser and subject to the protections afforded to it pursuant to 11 U.S.C. § 363(m).

**E.  Debtor seeks a waiver of the 14-day stay under Fed. R. Bankr. P. 6004(h).**

Any order approving the use or sale of estate property is subject to a 14-day stay under Fed. R. Bankr. P. 6004(h). Debtor seeks a waiver of the 14-day stay to permit the Debtor to close escrow as soon as possible as expected by the proposed Buyers and to avoid any alleged default by the Debtor under the Agreements. The sale will allow the Debtor to perform under the Agreements, thus reducing potential liabilities against the estate, and will also provide for payment to the Lenders, reduce ongoing expenses related to maintaining and preserving the Properties and overall reduce the Debtor's scheduled debts. Accordingly, cause exists for the Court to waive the stay so that an order is immediately effective upon entry by the Court.

<u>**CONCLUSION**</u>

As set forth above, the proposed sale is in the best interest of the estate and is the result of the sound exercise of the Debtor's business judgment. In conclusion, the Debtor respectfully requests entry of an Order, detailed as follows:

a) Authorizing the Debtor to sell its improved real property located at 2503 N. 5th Street, Elko, Nevada 89801, APN# 001-61M-019 ("Property #1"), for the purchase price of Three Hundred Forty-Five Thousand Dollars ($345,000.00), pursuant to a Residential Purchase Agreement with Counter Offer No. 1 ("Agreement #1"), to Buyers Travis C. Yates and Tricia L. Penna ("Buyer #1");

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

b) Authorizing the Debtor to sell its improved real property located at 2505 N. 5th Street, Elko, Nevada 89801, APN# 001-61M-022 ("Property #2"), for the purchase price of Three Hundred Forty-Five Thousand Dollars ($345,000.00), pursuant to a Residential Purchase Agreement and Joint Escrow Instructions ("Agreement #2"), to Buyers Kevin Toe and Orianne Toe ("Buyer #2");

c) Authorizing the Debtor to sell its improved real property located at 2413 N. 5th Street, Elko, Nevada 89801, APN# 001-61M-003 ("Property #3"), for the purchase price of Three Hundred Fifty Thousand Dollars ($350,000.00), pursuant to a Residential Purchase Agreement ("Agreement #3"), to Buyer Edgear Juarez ("Buyer #3");

d) Authorizing the Debtor to sell its improved real property 2421 N. 5th Street, Elko, Nevada 89801, APN# 001-61M-005 ("Property #4"), for the purchase price of Three Hundred Fifty Thousand Dollars ($350,000.00), pursuant to a Residential Purchase Agreement ("Agreement #4"), to Buyer Chukwunwike Odibi and Ogabe Annabel Odibi ("Buyer #4");

e) Authorize Debtor to perform all its obligations with respect to the proposed sale of "Property #1," pursuant to Agreement #1 and with Buyer #1, for a purchase price of Three Hundred Forty-Five Thousand Dollars ($345,000.00), with closing to occur on or before April 15, 2026, or as soon thereafter as practicable.  Debtor is authorized to pay the Liens that need to be paid in the approximate amount of Two Hundred Eighty-One Thousand One Hundred Eighty-Four Dollars and Thirty-One Cents ($281,184.31) plus accruing interest and fees, to Sound Capital Passive Income Fund LLC, which Lender has a Deed of Trust recorded against Property #1 that secures an indebtedness in the principal amount of Two Hundred Sixty-Two Thousand Five Hundred Dollars ($262,500.00), dated December 20, 2024, and recorded on December 27, 2024, in the Official Records No. 844992 in the County of Elko, State of Nevada. Other liens or purported liens that require payment at the close of escrow for Property #1 include Three Thousand One Hundred Eighty-Eight Dollars and Three Cents ($3,188.03) for past due taxes owed the Elko County Treasurer, Three Hundred Fifty

Dollars ($350.00) for pest inspection to Progressive Pest Management, Three Hundred Fifty Dollars ($350.00) to Air Tight, LLC, Six Thousand One Hundred Eighteen Dollars and Eight Cents ($6,118.08) to Alside Supply Center for release of a Mechanics Lien, Two Thousand Two Hundred Eighty-Three Dollars and Fifty-Five Cents ($2,283.55) to Fast Glass for release of a Mechanics Lien, Three Thousand Two Hundred Nineteen Dollars and Forty Cents ($3,219.40) to Parker Solutions, LLC for release of a Mechanics Lien, Ten Thousand Two Hundred Fifty-Five Dollars and Fifteen Cents ($10,255.15) to Quality Truss and Lumber for release of a Mechanics Lien, Twenty-Four Thousand Seven Hundred Three Dollars and Two Cents ($24,703.02) to Western Nevada Supply for release of a Mechanics Lien.  The Debtor is authorized to pay Twenty Thousand Two Hundred Six Dollars and Nineteen Cents ($20,206.19) to close escrow which shall come out of one of the other escrows;

f)  Authorize Debtor to perform all its obligations with respect to the proposed sale of "Property #2," pursuant to Agreement #2 and with Buyer #2, for a purchase price of Three Hundred Forty-Five Thousand Dollars ($345,000.00), with closing to occur on or before April 15, 2026, or as soon thereafter as practicable. Debtor is authorized to pay Liens that need to be paid in the approximate amount of Two Hundred Seventy-Eight Thousand Two Hundred Ten Dollars and Twenty-Nine Cents ($278, 210.29) plus accruing interest and fees, to Sound Capital Passive Income Fund LLC, which Lender has a Deed of Trust recorded against Property #2 that secures an indebtedness in the principal amount of Two Hundred Sixty-Two Thousand Five Hundred Dollars ($262,500.00) dated December 20, 2024, recorded on December 27, 2024, in the Official Records No. 844994 in the County of Elko, State of Nevada.  Other liens or purported liens that require payment at the close of escrow for Property #2 include past due taxes in the amount of Five Hundred Seventy-One Dollars and Seventy-Seven Cents ($571.77) to the Elko County Treasurer, Six Thousand One Hundred Eighteen Dollars and Eight Cents ($6,118.08) to Alside Supply Center for release of a Mechanics Lien, Seven Hundred Eighty-Eight Dollars and Twenty-Two Cents

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

20

($788.22) to Fast Glass for release of a Mechanics Lien, Three Thousand Two Hundred Nineteen Dollars and Forty Cents ($3,219.40) to Parker Solutions LLC for release of a Mechanics Lien, Ten Thousand Two Hundred Fifty-Five Dollars and Fifteen Cents ($10,255.15) to Quality Truss and Lumber for release of a Mechanics Lien and Six Thousand Three Hundred Ninety-Three Dollars and Forty-Six Cents ($6,393.46) to Western Nevada Supply for release of a Mechanics Lien.  The Debtor is authorized to receive net proceeds due Debtor after the close of escrow for approximately Ten Thousand Four Hundred Forty-Two Dollars and Seventy-Two Cents ($10,442.72);

g)  Authorize Debtor to perform all its obligations with respect to the proposed sale of "Property #3," pursuant to Agreement #3 and with Buyer #3, for a purchase price of Three Hundred Fifty Thousand Dollars ($350,000.00), with closing to occur on or before April 15, 2026, or as soon thereafter as practicable.  Debtor is authorized to pay the Liens that need to be paid in the approximate amount of Two Hundred Fifty-Two Thousand Two Hundred Fifty-One Dollars and Eight-Five Cents ($252,251.85) plus accruing interest and fees, to Lima One Capital LLC, which Lender has a Deed of Trust recorded against Property #3 that secures an indebtedness in the principal amount of Two Hundred Fifty-Five Thousand Five Hundred Dollars ($255,500.00) dated May 1, 2024, recorded on May 2, 2024, in the Official Records No. 836032 in the County of Elko, State of Nevada, and thereafter assigned to US Bank Trust National Association.  Other liens or purported liens that require payment at the close of escrow for Property #3 include Three Hundred Fifty Dollars ($350.00) to Progressive Pest Management.  Debtor is authorized to receive net proceeds due Debtor after the close of escrow for approximately Sixty Thousand One Hundred Twenty-Nine Dollars and Ninety Cents ($60,129.90);

h)  Authorize Debtor to perform all its obligations with respect to the proposed sale of "Property #4," pursuant to Agreement #4 and with Buyer #4, for a purchase price of Three Hundred Fifty Thousand Dollars ($350,000.00), with closing to occur on or

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

21

before April 15, 2026, or as soon thereafter as practicable. Debtor is authorized to pay the Liens that in the approximate amount of Two Hundred Fifty Thousand Dollars ($250,000.00) plus accruing interest and fees, to Mortgage Electronic Registrations Systems, acing solely as nominee for Deephaven Mortgage, which Lender has a Deed of Trust recorded against Property #4 that secures an indebtedness in the principal amount of Two Hundred Fifty Thousand Dollars ($250,000.00) dated June 25, 2024, recorded on July 26, 2024, in the Official Records No. 839306 in the County of Elko, State of Nevada. Other liens or purported liens that require payment at the close of escrow may be paid. Debtor is authorized to receive net proceeds due Debtor after the close of escrow for approximately Sixty-Seven Thousand Seven Hundred Twenty-Two Dollars and Thirty-Two Cents ($67,722.32);

i) Authorize the Debtor to assume the prepetition Agreement #1, Agreement #2, Agreement #3 and Agreement #4, pursuant to 11 U.S.C. § 365, each entered into prepetition as an unexpired executory contract. Debtor is also authorized to sell Property #1, Property #2, Property #3 and Property #4, to proposed Buyer #1, Buyer #2, Buyer #3 and Buyer ##4, respectfully, free and clear of liens, claims, and encumbrances, under 11 U.S.C. §§ 363(b) and (f), and to disburse the payoffs of the underlying first priority Deeds of Trust referenced in paragraphs 2a), 2b), 2c) and 2d), hereinbefore, and the Debtor is also authorized to sell Property #1, Property #2, Property #3 and Property #4, free and clear of the Notice of Lis Pendens that each is recorded against Property #1, Property #2, Property #3 and Property #4 by Defendant Lisa Jane Turner, in Case No. DC-FM-25-126, in the District Court, Elko County, State of Nevada on May 16, 2025, as Instrument No. 849639 in the Official Records of the County of Elko, State of Nevada. Each of these Notice of Lis Pendens filed by Lisa Jane Turner were filed in violation of State law, specifically NRS § 14.010. Debtor is also authorized to employ its prepetition real estate broker LPT Realty, Attn: Jen McDonald, Realtor, for these sale transactions under 11 U.S.C. § 327(a), and to pay sales commissions directly from escrow upon closing. Specifically, Debtor is

authorized to pay a listing agent commission to LPT Realty of Ten Thousand Three Hundred Fifty Dollars ($10,350.00) and a selling agent commission to LPT Realty of Ten Thousand Three Hundred Fifty Dollars ($10,350.00), in reference to the sale of Property #1; Debtor is authorized to pay a real estate commission to LPT Realty of Ten Thousand Three Hundred Fifty Dollars ($10,350.00) and to Signature Real Estate Group of Ten Thousand Three Hundred Fifty Dollars ($10,350.00), in reference to the sale of Property #2; Debtor is authorized to pay Ten Thousand Five Hundred Fifty Dollars ($10,500.00) to LPT Realty for listing agent commission and Ten Thousand Five Hundred Dollars ($10,500.00) to LPT Realty for selling commission, in reference to the sale of Property #3; and Debtor is authorized to pay Ten Thousand Five Hundred Fifty Dollars ($10,500.00) to LPT Realty for listing agent commission and Ten Thousand Five Hundred Dollars ($10,500.00) to LPT Realty for selling commission, in reference to the sale of Property #4;

j) The Debtor is authorized to have no overbidding for the sales of Property #1, Property #2, Property #3 and Property #4, given the fact that these proposed sales are in the ordinary course of Debtor's business of developing, constructing and selling residential homes in the City of Elko, State of Nevada;

k) This Court finds that the proposed Buyer #1, Buyer #2, Buyer #3 and Buyer #4, or each of their assignees, is a good faith purchaser entitled to the safe harbor protections of 11 U.S.C. § 363(m) and that the fourteen-day stay imposed by Fed. R. Bankr. P. 6004(h) is waived so that the sales can close as soon as practicable after an order is entered by the Court approving this Motion;

l) waiving the 14-day stay under Fed. R. Bankr. P. 6004(h) so that the order approving this Motion is immediately effective upon its entry on the Court's docket; and

///

///

///

///

HARRIS LAW PRACTICE LLC
850 E. PATRIOT BLVD
SUITE F
RENO, NV 89511
775 786 7600

m) granting any other relief the Court deems appropriate.

DATED April 13, 2026.

HARRIS LAW PRACTICE LLC

*/s/ Stephen R. Harris*

_____
STEPHEN R. HARRIS, ESQ.
Proposed Attorneys for Debtor
